[849 NYS2d 449]

In the Matter of WILLIAM LEWIS OSTAR, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 29, 2008

### APPEARANCES OF COUNSEL

*Rita E. Adler,* Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*Philip L. Tomich,* Garden City, for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a verified petition dated January 4, 2007, containing two charges of professional misconduct against him. After a preliminary conference on March 7, 2007, and a hearing on April 24, 2007, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as the Court may deem just and proper. The respondent does not contest the Special Referee's findings, but submits that his conduct was neither a willful nor deliberate violation of the Disciplinary Rules, and that the least severe sanction by this Court is warranted.

Charge one alleges that the respondent engaged in conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]), in that he was convicted of a crime within the meaning of Judiciary Law § 90 (2).

On December 23, 2005, the respondent entered a plea of guilty to the crime of criminal possession of a weapon in the fourth degree, in violation of Penal Law § 265.01, a class A misdemeanor, before the Honorable Christopher Quinn in the District Court, Nassau County. The respondent admitted that at approximately 1:30 P.M. on or about October 9, 2005, he was in possession of a .22-caliber revolver, model number 929, serial number 8465, which was inside a Jeep Cherokee on the premises of 500 Rose Lane South, Rockville Centre.

The respondent was sentenced on February 14, 2006, to a conditional discharge for a period of one year, a fine of $750, a surcharge of $140, and a crime victims assistance fee of $20.

Charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7), in that he was convicted of a crime within the meaning of Judiciary Law § 90 (2), based on the facts set forth in charge one.

In view of the respondent's admissions and the undisputed facts underlying the conviction, the Special Referee properly sustained both charges. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent emphasizes that his conviction was totally unrelated to his duties as an attorney. Nor were his actions willful or deliberate. His initial motivation was to ensure the safety of his ailing mother. The respondent was aware that he had been charged with criminal possession of a weapon in the third degree, in violation of Penal Law § 265.02, a class D felony, and that a conviction for any felony would necessitate his automatic disbarment. Under those circumstances, he accepted the offer to plead guilty to a class A misdemeanor, notwithstanding his belief that there were factual issues which might have exonerated him from any criminal liability. He cooperated fully with the police and the Grievance Committee.

The respondent's sole disciplinary history consists of a letter of caution dated December 24, 2006, cautioning him to refrain from initiating any physical contact with another individual, even if verbally threatened.

In view of the respondent's virtually unblemished career as an attorney, the physical and emotional problems he was experiencing at or around the time of this incident, his community activities, and his character references, the respondent is publicly censured for his professional misconduct.

CRANE, J.P., RIVERA, SPOLZINO, MILLER and DILLON, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent is publicly censured for his professional misconduct.